UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**ASHLEY ROSS,**

    **Plaintiff,**

v.

**FLORIDA POLYTECHNIC
UNIVERSITY FOUNDATION,
INC. d/b/a FLORIDA
POLYTECHNIC UNIVERSITY,**

    **Defendant.**

_____/

CASE NO. 8:20-cv-00262-MSS-JSS

### **DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES**

Defendant, FLORIDA POLYTECHNIC UNIVERSITY FOUNDATION, INC.[1], by and through its undersigned counsel, hereby by files its Answer and Affirmative Defenses to Plaintiff, ASHLEY ROSS's Complaint [Doc. 1-1], and states as follows:

### **JURISDICTION, PARTIES AND VENUE**

1. Defendant admits that this purports to be an action brought under the Florida Civil Rights Act of 1992 (FCRA) and Title VII of the Civil Rights Act of 1964 ("Title VII"). Defendant denies any violation of the FCRA or Title VII and denies that Plaintiff is entitled to any of the relief sought and, therefore, denies the remaining allegations in paragraph 1 of the Complaint.

---

[1] Defendant, FLORIDA POLYTECHNIC UNIVERSITY FOUNDATION, INC., denies that it does business as "FLORIDA POLYTECHNIC UNIVERSITY" as alleged in the Complaint. Defendant further denies that FLORIDA POLYTECHNIC UNIVERSITY FOUNDATION, INC. was Plaintiff's employer, and states that the entity that was Plaintiff's employer during the relevant time period was "FLORIDA POLYTECHNIC UNIVERSITY BOARD OF TRUSTEES."

2. Defendant admits, for venue purposes only, that Venue is proper in the United States Court for the Middle District of Florida, Tampa Division. Defendant denies that it committed the unlawful employment practices alleged in the Complaint and, therefore, denies the remaining allegations in paragraph 2 of the Complaint.

3. Defendant is without sufficient knowledge or information to admit or deny the allegations in paragraph 3 of the Complaint, and, therefore, denies them.

4. Defendant admits it is a Florida corporation. Defendant denies the remaining allegations in paragraph 4 of the Complaint.

5. Defendant denies the allegations in paragraph 5 of the Complaint.

6. Defendant denies the allegations in paragraph 6 of the Complaint.

7. Defendant is without sufficient knowledge or information to admit or deny the allegations in paragraph 7 of the Complaint, and, therefore, denies them.

8. Defendant denies that an Exhibit A is attached to the Complaint and specifically denies it committed any of the discriminatory actions alleged in the Complaint. Defendant is without sufficient knowledge or information to admit or deny the remaining allegations in paragraph 8 of the Complaint, and, therefore, denies them.

9. Defendant is without sufficient knowledge or information to admit or deny the allegations in paragraph 9 of the Complaint, and, therefore, denies them.

## GENERAL ALLEGATIONS

10. Defendant denies the allegations in paragraph 10 of the Complaint.

11. Defendant denies it was Plaintiff's employer, and, therefore denies the allegations in paragraph 11 of the Complaint.

12. Defendant denies it has a Human Resources department and denies it was Plaintiff's employer and, therefore, denies the allegations in paragraph 12 of the Complaint.

13. Defendant denies it was Plaintiff's employer and, therefore, denies the allegations in paragraph 13 of the Complaint.

14. Defendant is without sufficient knowledge or information to admit or deny the allegations in paragraph 14 of the Complaint and, therefore, denies them.

15. Defendant denies the allegations in paragraph 15 of the Complaint.

16. Defendant admits that one of Plaintiff's job functions was to elicit charitable donations. Defendant denies the remaining allegations in paragraph 16 of the Complaint.

17. Defendant denies the allegations in paragraph 17 of the Complaint.

18. Defendant denies the allegations in paragraph 18 of the Complaint.

19. Defendant admits that Mr. Kennedy was promoted in January 2018 and became Plaintiff's direct supervisor. Defendant denies the remaining allegations in paragraph 19 of the Complaint.

20. Defendant denies the allegations in paragraph 20 of the Complaint.

21. Defendant denies the allegations in paragraph 21 of the Complaint.

22. Defendant is without sufficient knowledge or information to admit or deny the allegations in paragraph 22 of the Complaint, and, therefore denies them.

23. Defendant denies the allegations in paragraph 23 of the Complaint.

24. Defendant denies the allegations in paragraph 24 of the Complaint.

25. Defendant denies it was Plaintiff's employer and denies it subjected Plaintiff to an adverse employment action and, therefore, denies the allegations in paragraph 25 of the Complaint.

26. Defendant denies the allegations in paragraph 26 of the Complaint.

27. Defendant denies it committed the unlawful conduct alleged in the Complaint and denies the allegations in paragraph 27 of the Complaint.

28. Defendant denies it committed the unlawful conduct alleged in the Complaint and denies the allegations in paragraph 28 of the Complaint.

29. Defendant is without sufficient knowledge or information to admit or deny whether Plaintiff is obligated to pay her counsel a fee. Defendant denies the remaining allegations in paragraph 29 of the Complaint.

30. Defendant admits that Plaintiff requests a jury trial, but denies that Plaintiff is entitled to any remedy or relief or that any issue in this case is subject to be determined by a jury.

## COUNT I – ALLEGED SEX DISCRIMINATION (FCRA)

31. Defendant realleges and reincorporates herein its responses to paragraphs 1 through 28 above, as if fully set forth herein.

32. Defendant denies it committed the unlawful conduct alleged in the Complaint and denies the allegations in paragraph 32 of the Complaint.

33. Defendant denies the allegations in paragraph 33 of the Complaint.

34. Defendant denies the allegations in paragraph 34 of the Complaint.

35. Defendant denies the allegations in paragraph 35 of the Complaint.

36. Defendant denies that Plaintiff is entitled to the relief described in the Prayer for Relief in the Complaint.

## COUNT II – ALLEGED SEX DISCRIMINATION (TITLE VII)

37. Defendant realleges and reincorporates herein its responses to paragraphs 1 through 28 above, as if fully set forth herein.

38. Defendant denies it committed the unlawful conduct alleged in the Complaint and denies the allegations in paragraph 38 of the Complaint.

39. Defendant denies the allegations in paragraph 39 of the Complaint.

40. Defendant denies the allegations in paragraph 40 of the Complaint.

41. Defendant denies the allegations in paragraph 41 of the Complaint.

42. Defendant denies the allegations in paragraph 42 of the Complaint.

43. Defendant denies the allegations in paragraph 43 of the Complaint.

44. Defendant denies that Plaintiff is entitled to the relief described in the Prayer for Relief in the Complaint.

## COUNT III – ALLEGED RETALIATION (FCRA)

45. Defendant realleges and reincorporates herein its responses to paragraphs 1 through 28 above, as if fully set forth herein.

46. Defendant denies it committed the unlawful conduct alleged in the Complaint and denies the allegations in paragraph 46 of the Complaint.

47. Defendant denies the allegations in paragraph 47 of the Complaint.

48. Defendant denies the allegations in paragraph 48 of the Complaint.

49. Defendant denies the allegations in paragraph 49 of the Complaint.

50.     Defendant denies that Plaintiff is entitled to the relief described in the Prayer for Relief in the Complaint.

## COUNT IV – ALLEGED RETALIATION (TITLE VII)

51.     Defendant realleges and reincorporates herein its responses to paragraphs 1 through 28 above, as if fully set forth herein.

52.     Defendant denies it committed the unlawful conduct alleged in the Complaint and denies the allegations in paragraph 52 of the Complaint.

53.     Defendant denies the allegations in paragraph 53 of the Complaint.

54.     Defendant denies the allegations in paragraph 54 of the Complaint.

55.     Defendant denies the allegations in paragraph 55 of the Complaint.

56.     Defendant denies that Plaintiff is entitled to the relief described in the Prayer for Relief in the Complaint.

## PLAINTIFF'S PRAYER FOR RELIEF

57.     Defendant denies that Plaintiff is entitled to any of the relief requested in the "WHEREFORE" clause immediately following Paragraph 56 of the Complaint, including subparagraphs (1) through (8), and, therefore, denies these allegations.

## AFFIRMATIVE DEFENSES

Defendant asserts the following defenses, without prejudice to its rights to argue that Plaintiff bears the burden of proof regarding some or all of these defenses:

## FIRST DEFENSE

Defendant, FLORIDA POLYTECHNIC UNIVERSITY FOUNDATION, INC. (FPU-F), was not Plaintiff's employer.  Plaintiff's employer during the relevant time

period was "FLORIDA POLYTECHNIC UNIVERSITY BOARD OF TRUSTEES" (FPU-BOT). Assuming, *arguendo*, FPU-F could have had any improper motive toward Plaintiff, it would have made the same decisions with regard to Plaintiff's employment, even in the absence of such a motive.

**SECOND DEFENSE**

Any actions taken with respect to Plaintiff's employment were based on legitimate non-discriminatory and non-retaliatory reasons unrelated to Plaintiff's sex or any other protected characteristic.

**THIRD DEFENSE**

FPU-BOT has made good faith efforts to prevent discrimination and harassment in its workplace, and thus cannot be liable for the decisions of its agents to the extent the challenged employment decisions were contrary to its efforts to comply with anti-discrimination and anti-harassment statutes.

**FOURTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, due to her failure to mitigate her alleged damages including, but not limited to, her failure to use reasonable diligence to seek and obtain comparable employment elsewhere and failure to use reasonable diligence to seek treatment for any alleged emotional distress.

**FIFTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, due to the equitable doctrines of unclean hands, estoppel and/or waiver based upon Plaintiff's course of conduct during and/or after her employment.

**SIXTH DEFENSE**

All or part of any damages alleged by Plaintiff for pain and suffering was the result of other personal experiences unrelated to the facts and circumstances set forth in the Complaint.

**SEVENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, due to the applicable statute of limitations, and/or to the extent she has failed to comply with required administrative procedure, condition precedent, applicable limitations period, or failed to exhaust her administrative remedies.

**EIGHTH DEFENSE**

FPU-BOT has a well-disseminated and consistently enforced policy against discrimination and harassment, as well as a reasonable and available procedure for receiving and investigating complaints of alleged discrimination and harassment. To the extent Plaintiff failed to use or otherwise avail himself of these policies and procedures, her claims are barred.

**NINTH DEFENSE**

FPU-BOT took affirmative measures to provide a workplace free from unlawful discrimination and harassment and, therefore, Plaintiff's claims for punitive damages and other damages are barred.

**TENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, because they fail to state a claim upon which relief may be granted.

**ELEVENTH DEFENSE**

Defendant is entitled to set off against Plaintiff's recovery, if any, for amounts Plaintiff may owe to Defendant for compensation or property that Plaintiff may have obtained from Defendant to which she was not entitled.

**TWELFTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, due to the equitable doctrine of unjust enrichment, based upon Plaintiff's course of conduct during and/or after her employment.

**THIRTEENTH DEFENSE**

Plaintiff has been paid all amounts to which she is legally entitled.

**RESERVATION OF RIGHTS**

Defendant reserves the right to bring any additional affirmative defenses that become known during the litigation of this matter.

WHEREFORE, Defendant, FLORIDA POLYTECHNIC UNIVERSITY FOUNDATION, INC., respectfully requests that this Honorable Court: (i) enter judgment in its favor and against Plaintiff, (ii) award Defendant its cost of suit herein, (iii) award Defendant reasonable attorneys' fees as may be determined by the Court pursuant to any applicable law, rule, regulation, or agreement, and (iv) grant such other and further relief as this Court may deem just and proper.

DATED this 10th day of February, 2020

Respectfully submitted,

*/s/ Kristyne E. Kennedy*
KRISTYNE E. KENNEDY
Florida Bar No.: 0194700
DANIELLE M. SIMPSON
Florida Bar No.: 1010871
COLE, SCOTT & KISSANE, P.A.
Tower Place, Suite 400
1900 Summit Tower Boulevard
Orlando, Florida 32810
Email: kristyne.kennedy@csklegal.com
Email: danielle.simpson@csklegal.com
Secondary e-mail: jillian.sotomayor@csklegal.com
Secondary e-mail: celia.cates@csklegal.com
Telephone: (321) 972-0028
Facsimile:   (321) 972-0099
Attorneys for Defendant

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 10th day of February, 2020, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a Notice of Electronic Filing to Counsel of Record.

*/s/ Kristyne E. Kennedy*